# SUPREME COURT OF THE UNITED STATES

## HENRY PERRY SIRECI *v*. FLORIDA

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF FLORIDA

No. 16–5247.   Decided December 12, 2016

The petition for a writ of certiorari is denied.

JUSTICE BREYER, dissenting from denial of certiorari.

Henry Sireci, the petitioner, was tried, convicted of murder, and first sentenced to death in 1976. He has lived in prison under threat of execution for 40 years. When he was first sentenced to death, the Berlin Wall stood firmly in place. Saigon had just fallen. Few Americans knew of the personal computer or the Internet. And over half of all Americans now alive had not yet been born. See Dept. of Commerce, Bureau of Census, Annual Estimates of the Resident Population for Selected Age Groups by Sex: April 1, 2010 to July 1, 2015 (June 2016), online at http://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml?pid=PEP_2015_PEPAGESEX&prodType=table (all Internet materials as last visited Dec. 9, 2016).

Forty years is more time than an average person could expect to live his entire life when America constitutionally forbade the "inflict[ion]" of "cruel and unusual punishments." Amdt. 8; see 5 Dictionary of American History 104 (S. Kutler ed., 3d ed. 2003). This Court, speaking of a period of *four weeks,* not 40 years, once said that a prisoner's uncertainty before execution is "one of the most horrible feelings to which he can be subjected." *In re Medley*, 134 U. S. 160, 172 (1890). I should hope that this kind of delay would arise only on the rarest of occasions. But in the ever diminishing universe of actual executions, I fear that delays of this kind have become more common. The number of yearly executions has fallen from its peak of

98 in 1999 to 19 so far this year, while the average period of imprisonment between death sentence and execution has risen from 12 years to over 18 years in that same period. See Death Penalty Information Center (DPIC), Facts about the Death Penalty, online at http://www.deathpenaltyinfo.org/documents/FactSheet.pdf (updated Dec. 7, 2016); Dept. of Justice, Bureau of Justice Statistics, T. Snell, Capital Punishment, 2013—Statistical Tables, p. 14 (rev. Dec. 19, 2014) (Table 10); DPIC Execution List 2016, online at http://www.deathpenaltyinfo.org/execution-list-2016.

Nor is this case the only case during the last few months in which the Court has received, but then rejected, a petition to review an execution taking place in what I would consider especially cruel and unusual circumstances. On September 15, 2009, the State of Ohio attempted to execute Romell Broom by lethal injection. *State* v. *Broom*, 146 Ohio St. 3d 60, 61–62, 2016-Ohio-1028, 51 N. E. 3d 620, 623. Medical team members tried for over two hours to find a useable vein, repeatedly injecting him with needles and striking bone in the process, all causing "a great deal of pain." *Id.,* at 62, 51 N. E. 2d, at 624. The State now wishes to try to execute Broom once again. Given its first failure, does its second attempt amount to a "cruel and unusual" punishment? See *In re Kemmler*, 136 U. S. 436, 447 (1890) ("Punishments are cruel when they involve . . . a lingering death"). I would have heard Broom's claim.

As I and other Justices have previously pointed out, individuals who are executed are not the "worst of the worst," but, rather, are individuals chosen at random, on the basis, perhaps of geography, perhaps of the views of individual prosecutors, or still worse on the basis of race. See *Glossip* v. *Gross*, 576 U. S., ___, ___–___ (2015) (BREYER, J., joined by GINSBURG, J., dissenting) (slip op., at 9–17); *Furman* v. *Georgia*, 408 U. S. 238, 309–310 (1972) (Stewart, J., concurring) ("These death sentences

are cruel and unusual in the same way that being struck by lightning is cruel and unusual. For, of all the people convicted of [death-eligible crimes], many just as reprehensible as these, the[se] petitioners are among a capriciously selected random handful upon who the sentence of death has in fact been imposed." (footnote omitted)). Cf. *Smith* v. *Alabama*, 580 U. S. \_\_\_, (Dec. 8, 2016) (judge overrode jury's recommendation of a life sentence) (this Court, by an equally divided vote, denied a stay of execution).

I have elsewhere described these matters at greater length, and I have explained why the time has come for this Court to reconsider the constitutionality of the death penalty. *Glossip*, *supra*, at \_\_\_ (dissenting opinion); see also *Knight* v. *Florida*, 528 U. S. 990, 993 (1999) (opinion dissenting from denial of certiorari); *Valle* v. *Florida*, 564 U. S. 1067 (2011) (opinion dissenting from denial of stay); *Boyer* v. *Davis*, 578 U. S. \_\_\_, \_\_\_ (2016) (opinion dissenting from denial of certiorari); *Conner* v. *Sellers*, 579 U. S. \_\_\_ (2016) (opinion dissenting from denial of certiorari and denial of stay). Cases such as the ones discussed here provide additional evidence that it is important for us to do so. See *Lackey* v. *Texas*, 514 U. S. 1045 (1995) (Stevens, J., memorandum respecting denial of certiorari). I would grant this petition for certiorari, as I would in *Broom v. Ohio,* No. 16–5580, and *Smith*, and include this question.